UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELANIE LAPIDUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV01291 JCH |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Lapidus' Motion to Compel Defendant Life Insurance Company of North America ("LINA") to produce a Rule 30(b)(6) witness to testify as to LINA's determination that the Plaintiff was disabled and eligible for Long-Term Disability ("LTD") benefits, and the facts on which that determination was based upon; the later determination that the Plaintiff was disabled but not eligible for LTD benefits; and the final determination that the Plaintiff was not disabled and not eligible for LTD benefits. (ECF No. 16). The matter is fully briefed and ready for disposition.

**BACKGROUND**

In this case the Plaintiff brings an action for the denial of LTD benefits under ERISA, 29 U.S.C. §§1132(a)(1)(B) and 1133. (Am. Compl. ECF No. 7, ¶ 1). Plaintiff received an LTD policy through her employer. *Id.* Defendant LINA is the named fiduciary for deciding benefit claims under that policy and any appeals of denied claims. (ECF No. 16, at 2). Defendant is also responsible for payments under the policy. *Id.*

In 2002, Plaintiff ruptured two discs in her lumbar spine. (ECF No. 7, ¶ 18). In January of 2016, the Plaintiff had spinal fusion surgery *Id.* ¶¶ 18-22. Plaintiff received short-term

disability ("STD") benefits until July 2016 and applied for LTD benefits. *Id.* ¶ 28. On August 18, 2017, Defendant sent the Plaintiff a letter approving her LTD benefits. (ECF No. 16-1). Plaintiff's date of disability according to the August 18, 2016, letter was January 18, 2016, and benefits would commence July 14, 2016, after an elimination period of 180 days. *Id.*

On September 20, 2016, Defendant sent the Plaintiff an additional letter. (ECF No. 16-2). Defendant's letter indicated that the Defendant had been notified that the Plaintiff returned to work part-time but was receiving fulltime pay, therefore benefits were not payable. *Id.* After receiving this letter the Plaintiff renewed her claim for LTD benefits. On December 1, 2016, the Defendant sent the Plaintiff a letter denying her claim because "[t]he medical [sic] on file does not support a significant level of functional deficits that would preclude you from returning to your occupation[.]"( ECF No. 16-3). The Plaintiff appealed the denial of her claims twice. Defendant denied the appeals.

The Parties have agreed to and engaged in limited discovery in this case. Defendant LINA has produced its administrative record, and has responded to written discovery which included information regarding Defendant's role as both claims administrator and underwriter, and guidelines on how to maintain files. Plaintiff alleges that the administrative record contains no documentation of Defendant's reasons for initially approving the Plaintiff's benefits claim in August of 2016. Plaintiff points to the Defendant's policy for documenting claims decisions to show that the lack of documentation in the administrative record is a procedural irregularity. (ECF No. 16). Defendant agreed to make a witness available to the Plaintiff regarding the lack of documentation. (ECF No. 16-5). The Parties now disagree with regard to the Plaintiff's request that the Defendant produce a Rule 30(b)(6) witness. Defendant argues that the Plaintiff seeks to go beyond the bounds of discovery proper in an ERISA case. Additionally, Defendant

asserts that they have complied with Plaintiff's interrogatories.

## LEGAL STANDARDS

### I. Rule 30(b)(6)

Under Rule 30(b)(6), the choice of a representative of the corporate party is for the corporation, not the party that noticed the deposition. Fed. R. Civ. P. 30(b)(6). A 30(b)(6) deponent does not give their personal opinion but represents the corporation on a topic. The Rule 30(b)(6) deposition thus serves a unique function of being a sworn corporate admission that is binding on the corporation. A named entity may not take the position that its documents, responses to interrogatories, or other written discovery already produced is an adequate substitute. *See, CitiMortgage, Inc., v. Chicago Bancorp, Inc.*, 2013 WL 3946116 at *1 (E.D. Mo. July 31, 2013) (citations omitted). "[T]he requesting party must reasonably particularize the subject about which it wishes to inquire." Fed. R. Civ. P. 30(b)(6).

### II. Permissible Discovery in an ERISA Case

In ERISA cases, "a denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In this case, the Policy does not grant the Defendant discretionary authority to decide benefit claims, so the applicable standard of review is *de novo*.

"[T]he general rule is that review is limited to evidence that was before the administrator, since Congress enacted ERISA to provide for the quick and inexpensive adjudication of benefit disputes." *Dapron v. Spire Missouri, Inc.*, 2018 WL 3609446 at *4 (E.D. Mo. July 27, 2018)(internal citations omitted). "[A]dditional evidence gathering is ruled out on deferential

review, and discouraged on *de novo* review to 'ensure expeditious judicial review of ERISA benefit decisions and to keep courts from becoming substitute plan administrators.'" *Brown v. Seitz Foods, Inc. Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998)(quoting *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641-42 (8th Cir. 1997)). "A district court may admit additional evidence in an ERISA benefit-denial case, however, if the Plaintiff shows good cause for the district court to do so." *See, Id.*; *see also Buzzanga v. Live Ins. Co. of North America,* WL 1141344 at *2( E.D. Mo. March 22, 2010)(noting that courts in the Eastern District of Missouri have permitted some discovery in ERISA cases). "The scope of that discovery, however, has been limited to determining whether a conflict of interest or procedural irregularity exists." *Buzzanga,* 2010 WL 1141344 at *2.

## **DISCUSSION**

Plaintiff asserts that there is good cause to conduct limited discovery because the administrative record does not provide any documentation regarding the initial decision to approve the Plaintiff's benefits in violation of Defendant's own policy. Additionally, the Plaintiff contends that because the Defendant is responsible for reviewing the claim and, if the claim is granted, paying the benefits owed, there is an inherent conflict of interest in this case. "[A] conflict or procedural irregularity cannot be considered in a vacuum. Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue." *Sampson v. Prudential Ins. Co. of America,* 2009 WL 882307, at *2 (E.D. Mo. March 26, 2009). While depositions of corporate representatives are generally disfavored in ERISA cases, the Defendant in this case previously offered to make a witness available to the Plaintiff. (ECF No. 16-5). The main dispute between the parties is the scope of the deposition.

Plaintiff requests that the deposition cover the following:

(1) Defendant LINA's determination that Plaintiff was disabled and eligible for LTD benefits, as expressed in Defendant LINA's letter dated August 18, 2016, and the facts on which the determination was based;
(2) Defendant LINA's determination that Plaintiff was disabled but not eligible for LTD benefits, as expressed in Defendant LINA's letter dated September 20, 2016, and the facts on which that determination was based; and
(3) Defendant LINA's determination that Plaintiff was not disabled and not eligible for LTD benefits as of December 1, 2016, and the facts on which that determination was based.

Upon review of the briefing and attached exhibits and Defendant's willingness to provide a witness to the Plaintiff, the Court will allow the Plaintiff to conduct a Rule 30(b)(6) deposition limited to the Defendant's initial determination that the Plaintiff was disabled and eligible for LTD benefits, and the facts on which that initial determination was based. The Defendant has voluntarily participated in discovery with the Plaintiff about whether a conflict of interest exists and the creation and maintenance of the administrative record. The Rule 30(b)(6) deposition should be narrowly tailored and ought only to address the alleged deficit in the administrative record with regard to the August 18, 2016, letter. Furthermore, there are no allegations of procedural irregularity or deficiency of the administrative record with regard to Defendant's September 20, 2016, or December 1, 2016, benefits determinations. Therefore, the Court finds that these determinations fall beyond the scope of appropriate discovery and thus are not appropriate for deposition.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel a Rule 30(b)(6) deposition is **GRANTED**; and that the Parties' request for teleconference is **DENIED**.

Dated this 17th Day of April 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE