# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MELANIE LAPIDUS, )
)
           Plaintiff, )
)
      v. )          No. 4:18CV01291 JCH
)
LIFE INSURANCE COMPANY OF )
NORTH AMERICA, )
)
          Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions filed May 24, 2019. (ECF No. 27). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff brought the instant case for long-term disability ("LTD") benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1133. Plaintiff alleges that she applied for Short Term Disability ("STD") benefits which were granted by the Defendant Life Insurance Company of North America on July 15, 2016. Plaintiff alleges that on August 18, 2016, the Defendant approved the Plaintiff's claim for LTD Benefits. On September 20, 2016, Plaintiff asserts that Defendant rescinded its approval of Plaintiff's LTD benefits. On December 1, 2016, Defendant denied Plaintiff's claim for LTD benefits, claiming that Plaintiff had never been disabled from performing her job duties. On May 9, 2017, the Defendant denied Plaintiff's appeal. Plaintiff's second appeal was denied by the Defendant on February 7, 2018. Plaintiff asserts that upon reviewing the Administrative Record the Plaintiff observed omissions. Plaintiff specifically alleges that the documents concern the Defendant's initial approval of Plaintiff's LTD benefits claim from August 18, 2016. On April 12, 2019, the

Plaintiff filed a Motion to Compel and Parties' Position Statements seeking a Rule 30(b)(6) deposition of a corporate witness. (ECF No. 16).   On April 17, 2019, this Court granted Plaintiff's Motion in part. On May 24, 2019, Plaintiff filed a Motion for Sanctions. (ECF No. 27).

In its Motion for Sanctions the Plaintiff states the Parties agreed to hold the deposition on May 3, 2019 at 12:00pm Central Time. At 9:00am Defendant's Counsel called Plaintiff's Counsel and disclosed that documentation of Defendant's reasons for initially approving the Plaintiff's LTD claim existed but had not been produced. (ECF No. 28, at 6). Plaintiff asserts that Defendant's given explanation was "administrative oversight." *Id.*, citing (ECF No. 28-8). Plaintiff asserts that at 10:18am Central Time Defendant produced the documents. *Id.,* citing (ECF No. 28-9).

Despite the late production, the Parties went ahead with the deposition. Plaintiff asserts that Defendant's corporate representative, Mr. Lodi, was unable to explain why the Defendant did not produce the documents regarding the initial approval of LTD benefits. (ECF No. 28, at 6 – 8). Plaintiff states that on May 9, 2019, the Defendant still had not confirmed that the entire administrative record had been produced and that it still had not pulled information from Workbench[1] prior to September 3, 2016. *Id.*, at 9. On May 15, 2019, nine days prior to the Summary Judgement deadline set out by the Court, the Defendant produced in excess of two-hundred (200) additional pages from Workbench to supplement the Administrative Record that Plaintiff had received in October of 2018. *Id.* Plaintiff asserts that the Defendant admitted to having more information in its files from its Claim Story Records that had not yet been produced. *Id.* Plaintiff asserts that on May 22, 2019, two days prior to the deadline for Summary

---

[1] Workbench is the data storage software utilized by the Defendant.

Judgement, Defendant had not produced the entire Administrative Record. (ECF No. 28, at 10, citing (ECF No. 28-15)). Plaintiff requests that the Court impose sanctions against the Defendant for withholding requested documents in the form of attorney's fees and issue determination.

## LEGAL STANDARD

"A district court may impose sanctions for discovery violations pursuant to Federal Rule of Civil Procedure 37 or pursuant to its 'inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process.'" *McClurg v. Mallinckrodt, Inc.*, No. 4:12CV00361 2016 WL 2643353, at *2 (E.D. Mo. May 10, 2016)(quoting, *Duranseau v. Portfolio Recovery Assocs.*, 644 Fed. Appx. 702, 706 (8th Cir. 2016)). In the Eighth Circuit, bad faith is not necessary to impose sanctions. *Stevenson v. Union Pacific R. Co.*, 354 F.3d 73, 745 (8th Cir. 2004)(citing, *Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir. 1993)). "The Court has broad discretion to shape an appropriate remedy, whether it's entering default judgment, striking pleadings, providing an adverse jury instruction, or awarding attorney's fees and costs." *Zurich Am. Ins. Co. v. Fluor Corp.,* No. 4:16CV00429 ERW, 2019 WL 1650066, at *2 (E.D. Mo. Feb. 26, 2019)(citing *Stevenson v. Union Pacific R. Co.*, 354, F.3d 739, 745-46 (8th Cir. 2004). With these principals in mind the Court turns to the issues before it.

## DISUCSSION

The Plaintiff argues that Defendant's actions in this case constitute bad-faith conduct and warrant sanctions. In support thereof, Plaintiff asserts that the documents produced by the Defendant ought to have been produced as part of its initial disclosures and that the failure of the Defendant to have produced the documents until this stage of the litigation has prejudiced the Plaintiff. Defendant contends that it has not acted in bad-faith. The Defendant acknowledges that

the late production is unfortunate but argues that to sanction them would be unduly punitive. When determining what sanction if any is appropriate, "the Court should consider the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*, (citing *Wegner v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)).

Plaintiff argues that the Defendant's noncompliance was intentional and was therefore in bad-faith. Plaintiff specifically asserts that the Defendant falsely represented that it had searched for the requested documents, and the documents simply did not exist. (ECF No. 28, at 11). Plaintiff further argues that, absent an explanation to the contrary, the Court should assume that the Defendants withheld the documentation intentionally. *Id.*, at 13.   Defendant asserts that it has not acted in bad faith. (ECF No. 39, at 1). Defendant states that "[u]pon discovering documents were inadvertently not produced [Defendant] LINA immediately notified Plaintiff…" *Id.*   The Defendant states that in the deposition of Defendant's corporate representative, it was explained that the document was omitted from production because of its designation as a "pending" document in Workbench and was therefore not printed. *Id.*, at 6. The Defendant states that it was due to the oversight of a claim manager that the document was not marked as finalized. *Id.* The newly produced documents were discovered by comparing the individual documents in the database and the documents in the Administrative Record. (ECF No. 39, at 10). Defendant further states that "[i]t was not reasonable for [Defendant] to engage in this painstaking process earlier in discovery when it appeared the produced Administrative Record contained all of the medical records, peer reviews, vocational analyses, correspondence and approval/denial letters supporting its decisions." *Id.*

Plaintiff first made Defendant aware that there were potential gaps in the Administrative Record on November 20, 2018. (ECF No. 27, at 3). Defendant did not thoroughly compare the produced Administrative Record to its digital database until after it had determined that the claim note about the August 2016 claims determination had been missed on May 3, 2019. Specifically, Defendant admits that "[f]ollowing the deposition [Defendant] LINA went back [and] compared its production to the existing Work Bench tabs, page by page. (ECF No. 39, at 7). It appears that Defendant failed to produce the documents through its own fault and failed to make a thorough investigation into the potential gaps in the Administrative Record for six-months after the Plaintiff notified it that documents were missing. (ECF No. 39, at 7). The Plaintiff seeks to have the Court affirmatively find that the Defendant acted in bad faith. In this Circuit bad faith is not necessary for a court to impose sanctions. *See, Stevenson v. Union Pacific R. Co.*, 354 F.3d 73, 745 (8th Cir. 2004). Upon review of the record, the Court takes note of the inaction of the Defendant in verifying that it had properly produced the documents requested of it. This inaction is of particular concern due to the timing of Defendant's discovery of documents to supplement the Administrative Record and the deposition and Summary Judgement deadlines. The Court, however, does not find intentional misconduct by the Defendant.

Plaintiff argues that Defendant's failure initially to produce the documentation caused the Plaintiff to file additional motions. (ECF No. 28, at 14). Plaintiff suggests that the additional motions are evidence of the disruption of the order and efficiency of trial and demonstrates that the Court should award attorney's fees to the Plaintiff for its additional efforts. Plaintiff requests attorney's fees for the preparation of its discovery motions.

Defendant responds that it should not be sanctioned and made to pay attorney's fees for Plaintiff's Motion to Compel (ECF No. 16). Defendant asserts that Plaintiffs motion addressed

multiple issues and not only the August 2016 approval of LTD benefits. (ECF No. 39, at 1). Defendant argues that the Motion to Compel was filed because Defendant refused to consent to a deposition covering topics improper for an inquiry under ERISA and not because Defendant was dilatory. *Id.,* at 5.

The Court declines to award attorney's fees to the Plaintiff in this case. Although the Plaintiff had to expend additional effort to file its discovery motions, the Defendant properly asserts that the Motion to Compel was necessitated because of the scope of the Plaintiffs requested deposition. Discovery disputes do not always necessitate sanctions. The Court will not award attorneys fees to the Plaintiff merely because the Parties experienced disagreement as to the proper scope of the deposition.

Plaintiff also asserts she was prejudiced by the withholding of documents necessary to her case. (ECF No. 28, at 13). Plaintiff claims that the newly discovered documents contradict the reasons given for Defendant's later denial of Plaintiffs claim for LTD benefits. Plaintiff argues that information about why the Defendant made its initial decision to approve LTD benefits is imperative because the Plaintiff is challenging the Defendant's subsequent decision to deny those same benefits. *Id.* Defendant states that the documents produced immediately before the deposition consisted of three pages and of those three pages, one page was a duplication of the first two in a more readable format. Defendant also states that it "suggested the deposition proceed in light of the incredibly limited scope of the production, but also states it would not object if Plaintiff's counsel wished to postpone." *Id.*, at 6; citing (ECF No. 28-9). Defendant argues that the Plaintiff is unable to demonstrate any prejudice because the Defendant offered to postpone the deposition and provided the note before the deadline for summary judgement. *Id.*, at 11. Markedly, Plaintiff did not ask the Court for additional time to prepare for the deposition

or ask for an additional deposition. Plaintiff also did not request additional briefing time prior to the filing deadline for a Motion for Summary Judgement to offset potential prejudice.

The Defendant claims that the documents that were produced following the deposition consisted of administrative records that were of no substantive value. (ECF No. 39, at 1). In her reply, Plaintiff specifically objects that the additionally produced documents were of no substantial value. Plaintiff asserts that in her Undisputed Material Facts filed with her Motion for Summary Judgement, she cites to these documents multiple times and that the citations evidence the importance of the additional administrative record materials. (ECF No. 40, at 5).

The production of the documents memorializing the August 2016 decision to approve LTD benefits on the morning of the deposition may initially appear to be an impermissible surprise. Given, however, the length of the produced document and Plaintiff's decision to move ahead with the deposition rather than requesting additional time from the Court, indicates that the potential surprise or prejudice of the late production was not so serious as to make the deposition impossible. The Court therefore declines to impose sanctions against the Defendant. While Plaintiff's frustration with the discovery process in this case is recognized by the Court, the Plaintiff seeks particularly harsh sanctions against the Defendant. The Court finds that issue determination as to the August 2016 approval of LTD benefits and the award of attorney's fees are not appropriate in this case. This is especially true when less harsh remedies in the form of requests for additional time would have been appropriate and could mitigate any potential prejudice in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 27) is **DENIED**

Dated this 19th Day of June 2019.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE